IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RED LION RENEWABLES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:19-cv-1113 |
| CHRISTOPHER S. HAFF; DRAGON CAPITAL, LLC; LING JUNCTION, LLC; BOE COMPANIES I through X; and DOES I through X, | § | (JURY TRIAL REQUESTED) |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**SUGGESTION OF DEATH UPON THE RECORD UNDER RULE 25(a)(1)
AND MOTION FOR SUBSTITUTION OF PARTY**

Plaintiff Red Lion Renewables, LLC ("Red Lion" or "Plaintiff") files this Suggestion of Death Upon the Record under Fed. R. Civ. P. 25(a)(1) and Motion for Substitution of Party pursuant to Rule 25(a)(1) and Tex. R. Civ. P. 152. Red Lion respectfully requests that the Court grant the Proposed Order attached hereto and states as follows:

**I.    SUGGESTION OF DEATH**

1. Plaintiff recently discovered the death of Christopher S. Haff, a defendant in this action. Attached as **Exhibit A** is a true and correct copy of an obituary discovered by undersigned counsel on or about November 7, 2020. According to the obituary, Defendant Haff passed away on October 4, 2020.

2. As of the filing of this Suggestion of Death and Motion to Substitute, Plaintiff has been unable to locate any estate administration or probate proceedings for Defendant Haff's estate. As such, Plaintiff has not seen a formal death certificate or any testamentary documents and is unaware of whether an administrator or executor has been appointed for Defendant Haff's estate.

Under Texas law, pursuant to Tex. Est. Code §301.002, the administration of an estate must be applied for within four years of the decedent's death. Four years have not elapsed since the date of Defendant's death.

## II.    MOTION TO SUBSTITUTE

### a.    Legal Authority

3.    Fed. R. Civ. P. 25(a) allows for the substitution of a "proper party" upon the death of a party. A motion for such substitution may be made by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). In this case, because Defendant Haff has never made a formal appearance in this matter, Plaintiff moves for substitution now that it has learned of Defendant Haff's death.[1]

4.    While Fed. R. Civ. P. 25(a)(1) governs the procedural vehicle by which this Suggestion of Death must be noticed and Substitution of Party must be made, it is Texas state law, under Tex. R. Civ. P. 152, that establishes the proper party to be substituted when a defendant dies during the pendency of an action. *See, e.g., Berry v. Missionaries of the Co. of Mary*, 770 F. App'x 716, 717 (5th Cir. 2019) (citing *Price v. Anderson's Estate*, 522 S.W.2d 690, 691 (Tex. 1975) ("Texas law is clear that '[a] suit seeking to establish the decedent's liability . . . should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries.'); *see also Berry,* 770 F. App'x at 717 n.2 (noting "[t]he proper party is determined according to state substantive law.")

---

[1] Rule 25(a)(1) notes that substitution is appropriate when a "claim is not extinguished." Plaintiff does not specifically analyze that survival/extinguishment issue here because it is a defendant's death, rather than Plaintiff's, that is the subject of this Suggestion of Death and Motion for Substitution. None of the claims brought by Plaintiff and upon which this Court has already determined Defendant Haff was liable—fraudulent inducement, violation of the Texas Theft Liability Act, and money had and received—are extinguished by Defendant Haff's death.

5. Under substantive Texas state law—Tex. R. Civ. P. 152—when a defendant dies, the proper party to be substituted is the "administrator, executor, **or heir** of the decedent" (emphasis added). An heir is the appropriate party when there is no executor or administrator. *See Casillas v. Cano*, 79 S.W.3d 587, 591 (Tex. App.—Corpus Christi 2002) (internal citations omitted).

6. Here, where Plaintiff has no information as to whether an estate administration has been opened, service upon and substitution of Defendant Haff's known heirs in their representative capacities is appropriate at this stage. Plaintiff, therefore, requests that Defendant Haff's known heirs, in their representative capacities, be substituted in for Defendant Haff.

b. **Defendant Haff's Known Heirs**

7. Based on Defendant Haff's obituary (Exhibit A), the following individuals are known heirs who may be served and substituted for Defendant Haff in their representative capacities:

   a. Catherine A. Holliman Cocke, Defendant's widow

   b. Christopher Francisco Haff, Defendant's son

   c. Alayna Gabrielle "Gabby" Haff, Defendant's daughter

   d. Veronica Ling Haff, Defendant's mother

   e. Alexander Mcaskill Haff, Defendant's brother

   f. William Otis Haff, Defendant's brother

8. Contemporaneous with this filing, Plaintiff has taken the necessary steps to serve this Suggestion of Death and Motion for Substitution on those non-party heirs pursuant to Fed. R. Civ. P. 4. As noted in the Certificate of Service below, undersigned counsel has forwarded copies

of this pleading, as well as Rule 4 waiver notices, by certified mail to all known heirs listed above at their last known addresses.

### III. CLAIMS AGAINST DEFENDANTS MAY PROCEED TO FINAL JUDGMENT; NO ABATEMENT IS NECESSARY

9. Fed. R. Civ. P. 25(a)(2) provides that after the death of one party, when claims sought to be enforced remain pending against surviving parties, those claims may proceed, and the action need not be abated. Likewise, under Tex. R. Civ. P. 150, "no suit shall abate because of the death of any party thereto before the verdict or decision of the court is rendered." Defendant Haff's death does not warrant an abatement of this action.

10. This Court has issued a Report and Recommendation (Dkt. #47) finding that Plaintiff has properly established all Defendants' liability for fraudulent inducement, violation of the Texas Theft Liability Act, and money had and received. The only remaining issue to be determined for the entry of final judgment against all Defendants is the amount of damages to which Plaintiff is entitled. Contemporaneous with the filing of this Suggestion of Death and Motion for Substitution, Plaintiff submits additional briefing on damages pursuant to the Court's Report and Recommendation.

11. Even while Plaintiff takes the necessary steps to serve Defendant Haff's known heirs with this Suggestion of Death and Motion for Substitution, Plaintiff requests that the Court proceed with a determination of Plaintiff's damages and the entry of final judgment against all Defendants.

### IV. REQUEST FOR HEARING

12. Pursuant to Fed. R. Civ. P. 25(a)(3), Plaintiff requests a remote hearing be set on Plaintiff's Motion for Substitution should the Court deem one necessary. Should such a hearing be set, Plaintiff will promptly provide notice of that hearing to all known heirs.

**V.     CONCLUSION AND PRAYER FOR RELIEF**

13. For the reasons outlined above, Red Lion respectfully requests that this Court:

    a. Note this Suggestion of Death for the record;

    b. Schedule a remote hearing on Plaintiff's Motion for Substitution, if deemed necessary;

    c. Grant Plaintiff's Motion for Substitution of Defendant Haff's known heirs; and

    d. Proceed toward final judgment against all Defendants.

Dated:  November 24, 2020                              Respectfully submitted,

                                                       */s/ Erik G. Moskowitz*
                                                       Erik G. Moskowitz
                                                       Texas Bar No. 24089904
                                                       The Chapman Firm, PLLC

                                                       **ATTORNEY FOR PLAINTIFF**
                                                       **RED LION RENEWABLES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2020, the foregoing document was filed through the CM/ECF system of the U.S. District Court, Western District of Texas. Pursuant to Fed. R. Civ. P. 4, I forwarded the foregoing document by Certified Mail, Return Receipt Requested to Defendant Christopher Haff's known heirs or their counsel, along with requests for waiver of formal service (per Fed. R. Civ. P. 4(d)), as follows:

Catherine A. Holliman Cocke
255 Stoney Ridge Road
Bulverde, TX 78258

Christopher Francisco Haff
255 Stoney Ridge Road
Bulverde, TX 78258

Alayna "Gabby" Gabrielle Haff
255 Stoney Ridge Road
Bulverde, TX 78258

Veronica Ling Haff
114 Talavera Pkwy, Apt. 1514
San Antonio, TX 78232

Alexander Mcaskill Haff
2108 Kippling Drive
Austin, TX 78231

Scott M. Noel
PLUNKETT, GRIESENBECK & MIMARI, INC.
1635 N.E. Loop 410, Suite 900
San Antonio, Texas 78209
snoel@pg-law.com

**COUNSEL FOR WILLIAM OTIS HAFF**

                                                                                        */s/ Erik G. Moskowitz*
                                                                                        Erik G. Moskowitz