IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RED LION RENEWABLES, LLC, | § § § | |
| *Plaintiff*, | § § | 5-19-CV-01113-DAE |
| vs. | § § | |
| CHRISTOPHER S. HAFF, DRAGON CAPITAL, LLC, LING JUNCTION, LLC, | § § § § | |
| *Defendants*. | § § | |

**ORDER**

Before the Court is the Suggestion of Death Upon The Record Under Rule 25(a)(1) and Motion for Substitution of Party filed by Plaintiff Red Lion Renewables, LLC. *See* Dkt. No. 57. For the reasons discussed below, Red Lion's Motion, Dkt. No. 27, is **DENIED WITHOUT PREJUDICE**.

On November 24, 2020, Red Lion filed the present suggestion of death and motion to substitute. *See* Dkt. No. 57. In it, Red Lion explains that it recently discovered that Defendant Christopher Haff died after Red Lion initiated this action but before the Court issued its pending November 3 Report and Recommendation. Accordingly, Red Lion requests that the Court substitute Haff's known heirs (as listed in Haff's obituary) as defendants in this action. Red Lion notes it has yet to formally serve Haff's heirs. Ultimately, Red Lion requests that the Court (1) grant its motion to substitute; (2) proceed with the damages determination with respect to its pending motion for default judgment; and (3) enter final judgment in its favor, all while Red Lion takes the "necessary steps" to serve Haff's known heirs.

Federal Rule of Civil Procedure 25(1)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution

1

may be made by any party or by the decedent's successor or representative." "A motion to substitute, together with a notice of hearing, must be served on . . . nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). "Although federal rules establish the proper method for the substitution of parties, '[t]he question of *who* is a proper party is a substantive issue, for which we must rely upon state law.'" *Wilson v. CMH Homes, Inc*., No. 2:18-CV-105-KS-MTP, 2019 WL 1549428, at *1 n. 1 (S.D. Miss. Apr. 9, 2019) (quoting *In re Baycol Products Litigation*, 616 F.3d 778, 787-88 (8th Cir. 2010) (emphasis in original). Under Texas law, if a defendant dies, then an administrator, executor, or heir is considered a proper party. *See* Tex. R. Civ. P. 152.

Although it appears Haff's heirs would be proper parties for purposes of Rule 25, Red Lion's motion has two flaws that must be addressed. First, Red Lion hasn't argued, let alone established, that its claims against Haff for fraudulent inducement, violation of the Texas Theft Liability Act, and money had and received—for which the Court recommended default judgment be granted as to liability—survive Haff's death. *See, e.g.*, *Clapper v. Am. Realty Inv'rs, Inc*., No. 3:14-CV-2970-L, 2019 WL 6216675, at *1 (N.D. Tex. Nov. 21, 2019). As the party requesting substitution, Red Lion must brief the issue. Second, pursuant to Federal Rule of Civil Procedure 25, any suggestion of death and motion for substitution must be served on nonparties in accordance with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 25(a)(3). As mentioned, Red Lion concedes that it hasn't properly served Haff's heirs under Rule 4. Accordingly, Red Lion's motion for substitution must be **DENIED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure 25.

Red Lion may resubmit its motion once it has complied with Rule 25. And any resubmitted motion should thoroughly brief the aforementioned issue regarding the survival of Red Lion's claims following Haff's passing.

The Court will wait to set this matter for a hearing on damages, which the Court can take up once the proper parties are substituted for Haff.

**IT IS SO ORDERED**.

SIGNED this 7th day of December, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE