IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RED LION RENEWABLES, LLC, | § § § § | |
| *Plaintiff*, | | |
| v. | § § § | CIVIL ACTION NO. 5:19-cv-1113 (JURY TRIAL REQUESTED) |
| CHRISTOPHER S. HAFF; DRAGON CAPITAL, LLC; LING JUNCTION, LLC; BOE COMPANIES I through X; and DOES I through X, | § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S EXPEDITED MOTION FOR SUBSTITUTE SERVICE ON
HEIRS CHRISTOPHER FRANCISCO HAFF AND ALAYNA HAFF AND REQUEST
FOR GOOD CAUSE EXTENSION OF RULE 25(a)(1) DEADLINE**

Plaintiff Red Lion Renewables, LLC ("Red Lion" or "Plaintiff") files this Expedited Motion for Substituted Service on non-party heirs Christopher Francisco Haff and Alayna Haff pursuant to Fed. R. Civ. P 4(e)(1) and requests a good cause extension of the Rule 25(a)(1) deadline for filing a Motion for Substitution as to those heirs, and states as follows:

**I.     INTRODUCTION**

Red Lion filed a Suggestion of Death on November 24, 2020 shortly after learning of Defendant Christopher Haff's death. Red Lion promptly filed a Motion for Substitution (Dkt. #57) and began service on all six of Defendant Haff's known heirs. Prior to Red Lion's completion of such service, the Court denied without prejudice Red Lion's Motion for Substitution for, among other things, Red Lion's failure to serve the known heirs with its Motion for Substitution. Red Lion promptly prepared a draft Renewed Motion and set about completing service of that draft on the known heirs before filing the same with this Court. Known heirs Christopher Francisco Haff

and Alayna Haff—Defendant Haff's adult children—have repeatedly refused to accept personal service via process server and have ignored undersigned counsel's written communications asking them to accept service. Red Lion has no choice but to attempt service through substitute means and requests the Court grant Red Lion the ability to leave a copy of its Renewed Motion for Substitution at the last known address of Christopher Francisco Haff and Alayna Haff, as well as mail a copy of the Renewed Motion to Catherine Holliman Cocke, Defendant Haff's widow and the mother of Christopher Francisco Haff and Alayna Haff. Red Lion requests that this Motion be considered in an expedited manner given the upcoming Rule 25(a)(1) deadline.

## II.     FACTUAL BACKGROUND

This Court is well familiar with the underlying facts of this suit. In summary, this lawsuit arises out of Defendants' disloyal and unlawful conduct in misappropriating $400,000 from Red Lion and causing Red Lion additional substantial consequential and reputational damages. Defendant Haff's death has forced Red Lion to seek substitution of Defendant Haff's known heirs as party representatives for Defendant Haff's estate.

All six of Defendant Haff's known heirs ignored or refused to respond to undersigned counsel's requests that they waive service of Red Lion's Motion for Substitution; Red Lion was forced to accomplish service by private process server. While Red Lion was successful in serving four of the heirs after numerous attempts, Defendant Haff's adult children—Christopher Francisco Haff and Alayna Haff—have repeatedly dodged service and have actively refused to respond to messages from Red Lion's process servers. Such gamesmanship does not serve the heirs well and merely creates more work for Red Lion, the costs and attorneys' fees for which it may be entitled to reimbursement. The facts detailed here pertain solely to those relevant for this Motion for Substitute Service.

**Service Attempts on Christopher Francisco Haff and Alayna Haff**

When undersigned counsel's written communications were ignored, Red Lion first repeatedly attempted service by process server on Christopher Francisco Haff and Alayna Haff at their mother's address, heir Catherine Holliman Cocke, in Bulverde, Texas—the only then-known address for both heirs. When the process server was finally able to serve Ms. Cocke on December 14, 2020, Ms. Cocke explained that her children had moved to Austin. *See* Affidavit of Dana A. Daddona attached as **Exhibit 1**. Ms. Cocke told Red Lion's process server that heirs Christopher Francisco Haff and Alayna Haff now resides at 15708 Apex Plaza, Austin TX 78728. *Id.*

That same day, based on the information from Ms. Cocke, Red Lion's process server performed a skip trace on both heirs and determined that the Austin address appeared valid for service on Christopher Francisco Haff and Alayna Haff. *See* Affidavits of Due Diligence from Lizette Williams attached as **Exhibits 2a** and **2b**.

In-person service attempts were made on Christopher Francisco Haff and Alayna Haff in Austin on four separate occasions—January 22, January 25, January 28, and January 30, 2021. *See* Affidavits of Blake Land attached as **Exhibits 3a** and **3b**. Process server Land confirmed the presence at that Austin address of a vehicle previously registered to Christopher Francisco Haff. *Id.* All four attempts were unsuccessful, despite the fact that lights were on in the residence and the vehicle was present. *Id.* A contact card was left at the door, but no return call was ever received by either heir. *Id.*

On February 10, 2021, two additional service attempts were made on Christopher Francisco Haff and Alayna Haff. *Id.* Red Lion's process server conducted a 2-hour stakeout with two service attempts at the address to no avail. *Id.*

Given undersigned counsel's written communications to both heirs, the completed service on Catherine Holliman Cocke, and the contact cards left by Red Lion's process server, there should be no dispute that both Christopher Francisco Haff and Alayna Haff are well aware of this action and Red Lion's attempts to serve them with its Renewed Motion for Substitution. This Court should allow Red Lion to secure a copy of its Renewed Motion for Substitution and related pleadings to the door at Christopher Francisco Haff and Alayna Haff's Austin residence where both heirs reside, and to mail a copy of the Renewed Motion to Catherine Holliman Cocke, the heirs' mother who directed the process server to serve the heirs at that Austin address.

**Extension of Rule 25(a)(1) Deadline**

Additionally, Red Lion requests a 60-day extension of the Rule 25(a)(1) deadline to file its Motion for Substitution as to Christopher Francisco Haff and Alayna Haff as party representatives for Defendant Haff's estate. Red Lion's timely filed Renewed Motion for Substitution (Dkt. #64) seeks to substitute four of Defendant Haff's known heirs, but due to Christopher Francisco Haff and Alayna Haff's active avoidance of service, Red Lion requests additional time to complete service and seek to move for their substitution as party representatives. Good cause exists for the extension of the Rule 25(a)(1) deadline.

### III. ARGUMENT AND AUTHORITIES

#### a. Substitute Service

Fed. R. Civ. P. 4(e) allows service upon an individual "pursuant to the law of the state in which the district court is located." Tex. R. Civ. P. 106(a) sets out the method of service of citation in Texas:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

>   (1)   delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
>   (2)   mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a)1 and (a)(2).

As set out in the attached Affidavits of Dana A. Dadonna, Lizette Williams, and Blake Land, Red Lion has performed appropriate due diligence and has made numerous unsuccessful attempts to serve heirs Christopher Francisco Haff and Alayna Haff at their "usual place of abode."

While Texas law prefers personal service over substitute service, *Vespa v. National Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *accord Mylonas v. Texas Commerce Bank-Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("substituted service is not the preferred method"), Texas does allow substituted service after personal service fails. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993) (per curiam). Tex. R. Civ. P. 106(b) sets out the procedure for substituted service of citation:

>   (b)   Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

  (1)  by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

  (2)  in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b)1 and (b)(2).

  The Affidavits of Dana A. Dadonna, Lizette Williams, and Blake Land attached hereto satisfy the requirements of Rule 106(b), in that the affiants state that the service address is Christopher Francisco Haff and Alayna Haff's usual place of abode (as directed by heir Catherine Holliman Cocke and determined through skip traces), and state facts showing that numerous unsuccessful attempts at service were made at this address.

  Accordingly, Red Lion respectfully requests the Court enter an order allowing it to serve heirs Christopher Francisco Haff and Alayna Haff by posting its Renewed Motion for Substitution and all related pleadings attached to the door at the heirs' known residence at 15708 Apex Plaza, Austin, TX 78728 and by mailing a copy of the same to the heirs' mother.

  **b. Good Faith Extension of Rule 25(a)(1) Deadline**

  Additionally, Red Lion respectfully requests that this Court grant Red Lion a 60-day extension of the Rule 25(a)(1) deadline to file a motion for substitution as to Christopher Francisco Haff and Alayna Haff. Red Lion addressed in its Renewed Motion for Substitution (Dkt. #64) the proper grounds for a motion for substitution—namely that the claims of fraudulent inducement, violation of the Texas Theft Liability Act, and money had and received against Defendant Haff survive his death, and that Defendant Haff's known heirs, in their representative capacities, are

proper parties to this action. The Rule 25(a)(1) deadline runs on February 22, 2021, 90 days from Red Lion's filing of the Suggestion of Death (Dkt. #57).

Red Lion timely filed its original Motion for Substitution (Dkt. #57) and its Renewed Motion for Substitution (Dkt. #64) within the Rule 25(a)(1) 90-day deadline. In light of the Court's requirement that Red Lion serve the heirs before filing its motion for substitution (Dkt. #58), and because Christopher Francisco Haff and Alayna Haff have purposefully avoided Red Lion's repeated service attempts, Red Lion will be unable to serve and timely file a motion for substitution as to those two heirs without an extension of the Rule 25(a)(1) 90-day deadline.

Pursuant to Fed. R. Civ. P. 6(b), the Court may for good cause extend the time when an act may or must be done under the Federal Rules. Red Lion submits this good cause request before the original time under Rule 25(a)(1) expires per Rule 6(b)(1)(A); an extension of the Rule 25(a)(1) deadline is <u>not</u> excepted from such a good cause extension request per Rule 6(b)(1)(B). As the Western District Court previously found when confronted with a similar issue, a court may grant an extension under Rule 6 to prevent dismissal of a claim under Rule 25 when the circumstances justify. *Ray v. Koester*, 215 F.R.D. 533, 534 (W.D. Tex. 2003). Here, where Red Lion has attempted in good faith to properly serve Christopher Francisco Haff and Alayna Haff numerous times to no avail and such service has been unsuccessful through no fault of Red Lion's, good cause exists for an extension of the Rule 25(a)(1) deadline.

Red Lion requests a 60-day extension in order to provide appropriate time to complete substitute service on Christopher Francisco Haff and Alayna Haff as permitted by the Court pursuant to this Motion for Substitute Service, and to file an additional Renewed Motion for Substitution seeking their substitution in as representatives for Defendant Haff's estate.

IV. **CONCLUSION**

For the reasons outlined above, Red Lion Renewables, LLC, respectfully requests that this Court grant its Motion for Substitute Service and allow it to serve heirs Christopher Francisco Haff and Alayna Haff by posting Red Lion's Renewed Motion for Substitution, the related pleadings, and this Motion at their last known personal residence and by mailing a copy of the same to their mother, heir Catherine Holliman Cocke.

Further, Red Lion requests a 60-day extension of the Rule 25(a)(1) deadline to file a motion for substitution as to those heirs in order to allow time to properly serve the heirs through substitute service and timely file such a motion.

Dated:  February 18, 2021

Respectfully submitted,

*/s/ Erik G. Moskowitz*
Erik G. Moskowitz
Texas Bar No. 24089904
The Chapman Firm, PLLC

**ATTORNEY FOR PLAINTIFF**
**RED LION RENEWABLES, LLC**

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Red Lion has been unable to confer with any other party to this matter as no other parties or heirs have yet made an appearance and heirs Christopher Francisco Haff and Alayna Haff have actively refused to respond to communications.

*/s/ Erik G. Moskowitz*
ERIK G. MOSKOWITZ

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2021, the foregoing document was filed through the CM/ECF system of the U.S. District Court, Western District of Texas. Pursuant to Fed. R. Civ. P. 5, a copy of this document was mailed to each previously-served heir as follows:

Catherine A. Holliman Cocke
255 Stoney Ridge Road
Bulverde, TX 78258

Veronica Ling Haff
114 Talavera Pkwy, Apt. 1514
San Antonio, TX 78232

Alexander Mcaskill Haff
240 Great Neck Road
Waterford, CT 06385

William Otis Haff
111 Lariat Drive
San Antonio, TX 78232

*/s/ Erik G. Moskowitz*
Erik G. Moskowitz