IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RED LION RENEWABLES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | CIVIL ACTION NO. 5:19-cv-1113 |
| | § | (JURY TRIAL REQUESTED |
| CHRISTOPHER S. HAFF; DRAGON | § | |
| CAPITAL, LLC; LING JUNCTION, | § | |
| LLC; BOE COMPANIES I through X; | § | |
| and DOES I through X, | § | |
| | § | |
| *Defendants*. | § | |

**[PROPOSED] ORDER ON PLAINTIFF'S EXPEDITED MOTION FOR SUBSTITUTE
SERVICE ON HEIRS CHRISTOPHER FRANCISCO HAFF AND ALAYNA HAFF
AND REQUEST FOR GOOD CAUSE EXTENSION OF RULE 25(a)(1) DEADLINE**

Before the Court is Plaintiff's Expedited Motion for Substitute Service on known heirs Christopher Francisco Haff and Alayna Haff and Plaintiff's request for an extension of the Rule 25(a)(1) deadline to file a motion for substitution of party. (Dkt. #__.) In the motion, Plaintiff alleges that the known heirs "have repeatedly dodged service and have actively refused to respond to messages from Red Lion's process servers" following numerous physical attempts and by phone. (Id.) Plaintiff seeks to serve heirs Christopher Francisco Haff and Alayna Haff at their known personal residence. Plaintiff additionally seeks a 60-day extension of the Rule 25(a)(1) 90-day deadline to file a motion for substitution of party to allow for additional time to complete substitute service on Christopher Francisco Haff and Alayna Haff. Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion, **ORDERS** Plaintiff to serve Christopher Francisco Haff and Alayna Haff by posting Plaintiff's Renewed Motion for Substitution at their residence,

and **ORDERS** that Plaintiff's deadline for filing a motion for substitution under Rule 25(a)(1) is extended by 60 days from the date of this Order.

<u>BACKGROUND</u>

The instant litigation arises from Defendants' alleged fraudulent actions surrounding a purported loan transaction in which Plaintiff was promised access to a line of credit in exchange for the deposit of money into escrow. Plaintiff never received access to the line of credit and maintains that its escrow deposit of $400,000 was misappropriated by Defendants and never returned, thereby causing Plaintiff significant damages.

Plaintiff filed a Suggestion of Death (Dkt. #57) noticing the Court that Defendant Haff had died. Plaintiff has filed a Renewed Motion for Substitution of Party (Dkt. #64)—which motion is currently pending—seeking to substitute four of Defendant Haff's six known heirs in as party representatives for Defendant Haff's estate, pursuant to Rule 25.

<u>ANALYSIS</u>

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 106 of the Texas Rules of Civil Procedure provides that the citation shall be served either by delivering it to the defendant in person or by mailing "to the defendant by registered or certified mail, return receipt requested[.]" Tex. R. Civ. P. 106(a). A court may authorize service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit" if there is "a motion supported by affidavit" that states the location of the defendant's "usual place of abode" and that states "specifically the facts showing that service has been attempted

under [Rule 106(a)] at the location named in such affidavit but has not been successful[.]" Tex. R. Civ. P. 106(b)(2).

Here, Plaintiff asks the Court to allow service on known heirs Christopher Francisco Haff and Alayna Haff by posting Plaintiff's Renewed Motion for Substitution of Party at the heirs' residence and by mailing a copy of the Renewed Motion for Substitution to the heirs' mother, Catherine Holliman Cocke. In support of its Motion, Plaintiff attaches the affidavits of Dana A. Daddona (Dkt. #__), Lizette Williams (Dkt. #__), and Blake Land (Dkt. #__). Dana Daddona and Blake Land's affidavits describe efforts to personally serve both heirs. Lizette Williams' affidavit describes due diligence performed to confirm the proper service address of both heirs.

Dana A. Daddona's affidavit describes one unsuccessful in-person attempt to personally serve Christopher Francisco Haff and Alayna Haff at their mother's residence. (Dkt. #__.) Her affidavit describes that the heir's mother informed the process server of the heirs' proper residence. Blake Land's affidavit documents his efforts to attempt to personally serve and contact Christopher Francisco Haff and Alayna Haff at that residence. (Dkt. #__.) His efforts are as follows and are identical as to both heirs:

(1) <u>January 22, 2021 10:37 am</u> Attempted service at 15708 Apex Plaza, Austin, TX 78728, No answer at door, Nissan was present in driveway, TX KLS6351 with another vehicle: IP4-6XF from Florida, left contact card.
(2) <u>January 25, 2021 4:12 pm</u> Attempted service at 15708 Apex Plaza, Austin, TX 78728, No answer at door, dogs barking, previous note was gone, same cars in driveway.
(3) <u>January 28, 2021 7:36 pm</u> Attempted service at 15708 Apex Plaza, Austin, TX 78728, No answer at door, dogs barking, lights on inside, same cars in driveway. KLS6351 - Christopher Francisco Haff
(4) <u>January 30, 2021 6:29 pm</u> Attempted service at 15708 Apex Plaza, Austin. TX 78728, No answer at door, both cars still present, dogs barking lights on inside, no answer at 15712, no lights on inside but cars in driveway, 15704 appears to be vacant.
(5) <u>February 10, 2021 5:32 pm</u> Attempted service at 15708 Apex Plaza, Austin, TX 78728, Stakeout start. Both previous cars present.
(6) <u>February 10, 2021 7:32 pm</u> Attempted service at 15708 Apex Plaza, Austin, TX 78728, Stakeout end. A light in one room has been visible since sundown.

(<u>Id.</u>)

3

The affidavits demonstrate that the process servers made physical attempts and performed the necessary due diligence to try and facilitate personal service.

Based on the affidavits in support of Plaintiff's Motion, the Court finds that Plaintiff has demonstrated due diligence in attempting to serve Christopher Francisco Haff and Alayna Haff personally prior to requesting substituted service. The evidence indicates that personal service was attempted at the heirs' known residence multiple times to no avail. The Court thus finds substitute service appropriate under Rule 106(b). Tex. R. Civ. P. 106(b)(2) (a court may authorize service in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit).

Here, the Court will authorize Plaintiff to serve the heirs by leaving a copy of Plaintiff's Renewed Motion for Substitution and this Order at the heirs' residence at 15708 Apex Plaza, Austin, TX 78728 and by mailing a copy of Plaintiff's Renewed Motion for Substitution and this Order to Catherine Holliman Cocke, the heirs' mother who directed Plaintiff's process server to the heirs' Austin address.

As discussed in detail above, the affidavits and argument filed in support of Plaintiff's Motion describe diligent efforts to attempt personal service on Christopher Francisco Haff and Alayna Haff. Based on the foregoing, the Court finds good cause to grant Plaintiff's motion and allow for substituted service as described herein.

Additionally, in light of Plaintiff's diligent efforts to attempt personal service to no avail, the Court **GRANTS** Plaintiff's request for a 60-day extension of the Rule 25(a)(1) 90-day deadline to file a motion for substitution of party. The Court is of the opinion that good cause exists under Rule 6(b) to extend the Rule 25(a)(1) deadline. Plaintiff has made a request for extension of the deadline before the original time expired and an extension of the Rule 25(a)(1) deadline is not

4

prohibited under Rule 6. A 60-day extension of the Rule 25(a)(1) deadline will serve the interests of justice in this case and will not be prejudicial to any party.

CONCLUSION

Accordingly, the Motion is **GRANTED** and the Court **ORDERS** Plaintiff to serve heirs Christopher Francisco Haff and Alayna Haff by affixing a copy of Plaintiff's Renewed Motion for Substitution and this Order to the heirs' residence at 15708 Apex Plaza, Austin, TX 78728 and by mailing a copy of Plaintiff's Renewed Motion for Substitution and this Order to Catherine Holliman Cocke, the heirs' mother. The Court further **ORDERS** that Plaintiff has 60 days from the date of this Order to complete such service and to file a motion for substitution of party as to those heirs under Rule 25.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, _____, 2021

_____
David Alan Ezra
Senior United States District Judge