IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RED LION RENEWABLES, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-1113 |
| CHRISTOPHER S. HAFF; DRAGON CAPITAL, LLC; LING JUNCTION, LLC; BOE COMPANIES I through X; and DOES I through X, | § § § § § | (JURY TRIAL REQUESTED) |
| Defendants. | § | |

**PLAINTIFF'S REQUEST FOR REMOTE HEARING REGARDING PLAINTIFF'S RENEWED MOTION FOR SUBSTITUTION OF PARTY**

Plaintiff Red Lion Renewables, LLC ("Red Lion" or "Plaintiff") hereby requests the Court schedule a remote hearing at its next available opportunity on Plaintiff's Renewed Motion for Substitution of Party (Dkt. #64) and this Court's Order denying the same without prejudice (Dkt. #66). In support of its request, Red Lion states as follows:

### I. EXECUTIVE SUMMARY

The Court has twice denied without prejudice Red Lion's motions to substitute Defendant Haff's known heirs following his death due to Red Lion's purported failure to timely serve those non-party heirs with its motions to substitute. Red Lion has acted at all times in conformity with Rule 4 and 25, but has been unsuccessful in completing service and seeking relief to the Court's satisfaction. Red Lion requests a remote hearing (video or telephonic) at the Court's earliest opportunity so as to seek clarification as to the Court's ruling on its Renewed Motion for Substitution and in order to conform its future pleadings to properly address the Court's concerns.

### II. BACKGROUND

A brief timeline of events reflects that Red Lion has attempted at all times to act in conformity with the Federal Rules surrounding substitution of a party and has attempted in good faith to timely and properly serve the heirs:

- <u>November 7, 2020</u> – Red Lion first learns that Defendant Haff passed away on October 4, 2020. Red Lion immediately begins researching Defendant Haff's estate proceedings to determine if any probate action has been commenced.

- <u>November 24, 2020</u> – Red Lion files a Suggestion of Death and Motion for Substitution (Dkt. #57). As noted in that motion, and per Rule 25, contemporaneous with the filing, Red Lion begins the necessary steps of serving the Suggestion of Death and Motion for Substitution on the known heirs pursuant to Rule 4. *See* Dkt. #57 at ¶ 8 and Certificate of Service.

- <u>December 7, 2020</u> – Only <u>9 business days</u> after filing its Motion for Substitution *and in the midst of Red Lion attempting to effectuate service per Rule 4 on each of the heirs*, the Court denies without prejudice the Motion for, among other things, Red Lion's failure to properly serve the non-party heirs (Dkt. #58). Red Lion appears left with no choice but to attempt to serve the non-party heirs *before* re-urging its motion so as to avoid another denial of its motion prior to completion of service.

- <u>December 11, 2020</u> – Red Lion retains a private process server to serve a cover letter and a draft of its Renewed Motion for Substitution on each heir (Dkt. #64.1). The motion is a "draft" only because it has not yet been filed, but it contains all of the relevant information regarding Red Lion's requested relief. By this time, Red Lion learns that each of the six known heirs has refused to respond to undersigned counsel's November 24, 2020 letters requesting they waive service of Red Lion's original motion for substitution.

- <u>December 16, 2020</u> – Heir Alexander Haff is served. (Dkt. #60.)

- <u>December 22, 2020</u> – Heir William Haff is served. (Dkt. #59.)

- <u>January 6, 2021</u> – Heir Veronica Ling is served (Dkt. #61) following four unsuccessful in-person attempts on December 16, 17, 19, and 21, 2020.

- <u>January 16, 2021</u> – Heir Catherine Holliman Cocke is served (Dkt. #62) following two unsuccessful in-person attempts on December 21 and 26, 2020. This same day, Red Lion's process server first learns that heirs Christopher Francisco Haff and Alayna Haff do not live with Catherine Holliman Cocke.

- <u>January 22 through January 30</u> – Red Lion's process server attempts to serve heirs Christopher Francisco Haff and Alayna Haff to no avail.

- <u>February 10, 2021</u> – Red Lion's process server makes two additional attempts to serve Christopher Francisco Haff and Alayna Haff during a 2-hour stakeout.

- <u>February 11, 2021</u> – Red Lion files its Renewed Motion for Substitution (Dkt. #64). In that Renewed Motion, Red Lion expressly seeks the substitution of <u>only</u> the four known heirs who have been properly served. Moreover, Red Lion expressly notes that a copy of the as-filed Renewed Motion has been sent by regular and certified mail, pursuant to Rule 5, to each of the four previously served heirs so that they properly receive a copy of Red Lion's as-filed Renewed Motion.

Prior to his death, Defendant Haff failed entirely to properly respond to this lawsuit, comply with his litigation obligations, or otherwise follow this Court's orders. Since his death, and despite repeated communications from undersigned counsel and efforts by Red Lion's private process server, each of the known heirs has actively refused to waive service per Rule 4 and four of the known heirs (Veronica, Catherine, Christopher, and Alayna) purposefully avoided in-person service. There should be no dispute that all of the heirs are fully aware of this pending action and of Red Lion's attempts to substitute them in as representatives of Defendant Haff's estate.

At all times Red Lion has attempted to fully comply with its Rule 25 obligations and ensure the known heirs were properly served with, and were expressly made aware of, Red Lion's request that they be substituted in as representatives. The only delay in Red Lion's re-urging of its motion for substitution was caused by Red Lion's good faith attempts to have each heir properly served per the Court's instructions prior to seeking the requested relief (Dkt. #58).

Now, the Court has once again denied without prejudice Red Lion's motion for substitution for its failure to properly serve the heirs (Dkt. #66). Red Lion requests a hearing so as to address the Court's concerns regarding such service.

### III. REQUEST FOR HEARING

Pursuant to Local Rule CV-7(h), Red Lion requests a remote hearing (via video or telephone) be scheduled at the Court's earliest opportunity.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the reasons outlined above, Red Lion respectfully requests that this Court

a. Schedule a remote hearing at the Court's earliest opportunity;

b. Grant such other and further relief to which Red Lion may show itself to be justified.

Dated: February 22, 2021                              Respectfully submitted,

*/s/ Erik G. Moskowitz*
Erik G. Moskowitz
Texas Bar No. 24089904
The Chapman Firm, PLLC

**ATTORNEY FOR PLAINTIFF**
**RED LION RENEWABLES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, the foregoing document was filed through the CM/ECF system of the U.S. District Court, Western District of Texas. Pursuant to Fed. R. Civ. P. 5, a copy of this document was mailed to each previously-served heir as follows:

Catherine A. Holliman Cocke
255 Stoney Ridge Road
Bulverde, TX 78258

Veronica Ling Haff
114 Talavera Pkwy, Apt. 1514
San Antonio, TX 78232

Alexander Mcaskill Haff
240 Great Neck Road
Waterford, CT 06385

William Otis Haff
111 Lariat Drive
San Antonio, TX 78232

*/s/ Erik G. Moskowitz*
Erik G. Moskowitz